E-FILED
Thursday, 08 July, 2010  03:54:31 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. GAVIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  09-3137 |
| | ) | |
| GERARDO ACEVEDO, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Respondent's Motion to Dismiss (d/e 8) (Motion).  The Respondent moves to dismiss Petitioner Christopher Gavin's Petition for Habeas Corpus Relief Under 28 U.S.C. § 2254 (d/e 3) (Petition) because the Petition is barred by the statute of limitations.  For the reasons set forth below, the Motion is ALLOWED.

## STATEMENT OF FACTS

In 2002, Petitioner Christopher Gavin was convicted in Adams County, Illinois, Circuit Court of possession of a controlled substance with intent to deliver and unlawful delivery of a controlled substance.  The Illinois Appellate Court affirmed the conviction on July 12, 2004.  <u>Exhibits</u>

to Motion to Dismiss (d/e 9), Exhibit A, <u>Rule 23 Order, People v. Gavin</u>, No. 4-02-1049.  Gavin filed a Petition for Leave to Appeal (PLA) with the Illinois Supreme Court.  The Illinois Supreme Court denied the PLA on October 6, 2004.  <u>Motion</u>, Exhibit B, <u>Order Denying PLA, People v. Gavin</u>, No. 98871.  Gavin did not file a petition for writ of <u>certiorari</u> with the United States Supreme Court.

On January 14, 2005, Gavin filed a post-conviction petition in Adams County Circuit Court.  <u>Motion</u>, Exhibit C, <u>Post-conviction Petition, People v. Gavin</u>, No. 02 CF 82.  The post-conviction petition was dismissed.  The Appellate Court affirmed the dismissal on December 10, 2007.  <u>Motion</u>, Exhibit H, <u>Rule 23 Order, People v. Gavin</u>, No. 4-06-1057.  Gavin filed a PLA.  The Illinois Supreme Court denied the PLA on May 29, 2008. <u>Motion</u>, Exhibit I, <u>Order Denying PLA, People v. Gavin</u>, No. 106221.  The Order denying the PLA stated that the mandate would issue on July 3, 2008.  <u>Id.</u>

In 2009, Gavin filed this Petition.  Gavin's attached Certificate of Service stated that he mailed the Petition on May 15, 2009, but did not state that first class postage was prepaid.  <u>Petition</u>, attached <u>Proof/Certificate of Service (Certificate of Service)</u>.  Gavin signed the

Certificate of Service under penalty of perjury.  Id.  The Respondent's records indicate that Gavin filed a request for payment of postage for legal mail on May 27, 2009.  Motion, Exhibits J, Offender Authorization for Payment.  Gavin did not make a request for payment of postage any other time in April or May 2009.  Motion, Exhibit L, Affidavits of Gena Mettler, ¶ 5.  The Court received the Petition on June 3, 2009.

## ANALYSIS

The Respondent moves to dismiss the Petition because the Petition is barred by the statute of limitations.  The Court agrees.  A § 2254 habeas petition must be filed within one year of the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United State is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The one-year statute is tolled while a properly filed state post-conviction petition is pending.  28 U.S.C. § 2244(d)(2).  In Gavin's case, the statute began to run on the date that his judgment became final.  He presents no claim that any of the other subsection of § 2244(d)(1) applies.

Gavin's judgment of conviction became final ninety days after the Illinois Supreme Court denied his PLA on October 6, 2004, or January 5, 2005.  The ninety days represented the time that Gavin had to file a petition for a writ of <u>certiorari</u> with the United States Supreme Court.  <u>See Anderson v. Litscher</u>, 281 F.3d 672, 674-75 (7th Cir. 2002).  Gavin filed his state post-conviction petition on January 14, 2005, nine days later.  The statute, therefore, was tolled on that date with 356 days remaining to run.  The Illinois Supreme Court denied his PLA on the post-conviction petition on May 29, 2008.  The tolling of the statute stopped on that date.  Gavin, thus, needed to file his § 2254 petition within 356 days, or by May 20, 2009.

The § 2254 mailbox rule provides that a prisoner is deemed to have properly filed a document with the Court on the date that he deposits the document in the mail with postage prepaid accompanied by a declaration

under penalty of perjury, or a notarized statement, verifying the date of deposit and that the postage was prepaid.  <u>Rule 3(d) of the Rules Governing § 2254 Petitions</u>.  Gavin signed the Certificate of Service under penalty of perjury, but did not verify that he prepaid the postage on that date as required by Rule 3(d).  A petitioner loses the benefit of the Rule 3(d) mailbox rule if he fails to verify that he mailed his petition postage prepaid.  <u>See</u> <u>Ingram v. Jones</u>, 507 F.3d 640, 644 (7th Cir. 2007) (failure to attach proper certification results in the loss of the benefit of the comparable appellate mailbox rule).  Furthermore, Gavin did not authorize payment of the postage until May 27, 2009.  Gavin, thus, did not mail the Petition with prepaid postage until May 27, 2009, after the statute had run.

Gavin does not dispute that he paid the postage on May 27, 2009.  Rather, Gavin argues that the statute did not start to run again until the mandate was entered on his post-conviction petition on July 3, 2008.  <u>Petitioner Response to Motion to Dismiss (d/e 11)</u>, at 2-3.  Gavin is mistaken.  The tolling of the statute ended when the Illinois Supreme Court denied his PLA on May 29, 2008.  <u>Jones v. Hulick</u>, 449 F.3d 784, 788 (7th Cir. 2006).  Gavin's Petition is barred by the statute of limitations.

THEREFORE, Respondent's Motion to Dismiss (d/e 8) is ALLOWED.

The Petition (d/e 3) is dismissed.  All pending motions are denied as moot.

This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  July 8, 2010

      FOR THE COURT:

                   _____ s/ Jeanne E. Scott _____
                   JEANNE E. SCOTT
                   UNITED STATES DISTRICT JUDGE